# MERRIMACK,

## JULY TERM, A. D. 1845.

---

### NEW-HAMPSHIRE SAVINGS BANK *v.* GILL.

If a surety upon a note on which interest has been paid from time to time in advance, and so indorsed upon the note, enter into a new contract, by which for a valuable consideration he agrees to be holden for an extended time, a copy of the note being inserted in the new contract, he is not discharged by the reception of interest in advance in a similar manner from time to time during the period of the extension.

ASSUMPSIT. On the 17th of April, 1837, Edward Brackett as principal, with J. Wheeler, S. G. Sylvester, I. C. Whittemore, J. Colcord, and B. Gill the defendant, as sureties, made a joint and several note to the plaintiff, for the sum of seven hundred dollars, on demand with interest after four months, upon which this action is brought. At the same time Brackett lodged with the plaintiff, as collateral security, a note signed by J. A. Leighton, for the same sum, payable to himself or order, with interest, which was not then due; which note the plaintiff subsequently gave up to Brackett, upon his obtaining the signatures of J. S. Boyd and W. White, as sureties upon the note in suit. There was no evidence that the original sureties had any knowledge of this surrender. The note of Leighton was afterward paid.

On the 17th day of April, 1840, Brackett as principal, with Colcord, Boyd, Whittemore, and the defendant, as sureties, signed a writing setting forth that, whereas on the 17th day of April, 1837, Brackett as principal and Sylvester, Whittemore, Colcord, Gill, Boyd, White, and

Savings Bank *v.* Gill.

Wheeler, as sureties, executed a note to the plaintiffs for $700, "and whereas the same is now due from us, in consideration that the bank will forbear to collect the same for the term of four months, we hereby agree to be holden on the same for the term of six years to come, unless the same shall be sooner paid."

Interest had been paid on the note from time to time, for four months in advance, before the date of this obligation, and had been so indorsed on the note. It was so paid at the time the obligation was executed, and the plaintiffs received interest in like manner at different times afterward. It did not appear that the defendant had any knowledge respecting these last payments.

A verdict was taken for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Perley,* for the plaintiff.

*Eaton,* for the defendant.

PARKER, C. J. Several questions which might arise in this case have already been considered in a suit against Colcord, another surety, upon the same note. 15 N. H. 119.

The receipt of the interest in advance at several times, during the term for which the parties to the new contract agreed to be holden, can not operate to discharge the defendant. The note was originally made payable in four months. The time of payment had been extended, it would seem, from time to time, interest being paid in advance; and this appeared by the indorsements on the note. The note is copied into the agreement. It is fairly to be inferred that there was knowledge respecting the manner of the previous payments of interest, and no objection to a similar reception of interest in advance, during the time for which the signers of the new con-

tract agreed to be holden. It is not to be inferred that the plaintiffs were to wait for the term of six years, receiving their interest at the end of that time, or that any new mode of extension should be adopted different from that already practiced. It is not quite clear that under such an agreement to be holden for a term of years, payments of interest in advance, from time to time, within the period, could avail to discharge the sureties, even if it had been an original ·transaction without any previous extensions.

*Judgment on the verdict.*